IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.	Case Nos.:	4:12cr12/RH/GRJ
		4:16cv397/RH/GRJ

RICHARD ALLEN HUDNALL,

## REPORT AND RECOMMENDATION

Petitioner has filed an amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 33) in which he contends that he is entitled to sentencing relief under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). He has also submitted a "Motion to Respond to Court Order to Submit Complete Amended § 2255 Form" which is granted to the extent this order has issued.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A review of the record

reveals that the Supreme Court's decision in Johnson has no bearing upon this case.

Petitioner pleaded guilty to coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) and was sentenced to the ten year statutory mandatory minimum. Neither the Armed Career Criminal Act nor any other Chapter Four enhancement was a factor in his sentencing. (See ECF Nos. 1, 16-18, 23, 27-28). The Supreme Court's invalidation of the ACCA's residual clause in Johnson can afford him no relief, and the petition should be summarily dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 4:12cr12/RH/GRJ; 4:16cv397/RH/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED:**

Petitioner's Motion to Respond to Court Order to Submit Complete Amended § 2255 Form (ECF No. 34) is **GRANTED** to the extent this recommendation has issued.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set aside or Correct Sentence (ECF No. 33) should be summarily **DENIED and DISMISSED**.

Case Nos.: 4:12cr12/RH/GRJ; 4:16cv397/RH/GRJ

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of August 2016.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 4:12cr12/RH/GRJ; 4:16cv397/RH/GRJ