IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          CASES NO.  4:12cr12-RH/GRJ
                                                       4:16cv397-RH/GRJ
RICHARD ALLEN HUDNALL,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Richard Allen Hudnall pleaded guilty to violating 18 U.S.C. § 2422(b) by using a facility of interstate commerce to entice a person under age 18 to engage in illegal sexual activity. He received the minimum mandatory sentence: 10 years in prison.

He has moved for relief under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). That decision held unconstitutionally vague a portion of the armed career criminal act, 18 U.S.C. § 924(e). Mr. Hudnall says the same reasoning applies to 18 U.S.C. § 3156(a)(4)(B), part of the Bail Reform Act. But neither § 924(e), nor § 3156(a)(4)(B), nor any other statute with similar language has anything to do with Mr. Hudnall's sentence. He was convicted under

an entirely different statute with entirely different language and sentenced to the minimum mandatory term for a violation of that statute.

Mr. Hudnall's § 2255 motion is before the court on the magistrate judge's report and recommendation, ECF No. 35, and the objections, ECF No. 36. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation, adopts it as the court's further opinion, and denies the § 2255 motion.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.  Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.  Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on August 17, 2016.

s/Robert L. Hinkle
United States District Judge
